```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

JOE ALLEN,                      )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 11 C 2285
                                )
VILLAGE OF WESTMONT, ILLINOIS,  )
et al.,                         )
                                )
            Defendants.         )
```

MEMORANDUM ORDER

Defense counsel in this 42 U.S.C. §1983 ("Section 1983") action, representing the Village of Westmont and six of its police officers, has just joined a club that is regrettably nonexclusive--the group of lawyers who, despite the clarity of the pleading directive provided by Fed. R. Civ. P. ("Rule") 8(b), have strayed from the path marked out by Rule 8(b)(5)'s disclaimer provision. As some other defense counsel seem to feel compelled to do, counsel here have coupled a faithful adherence to that Rule in each of Answer ¶¶7, 8, 15 and 46 with the phrase "and therefore, denies same."

That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

In addition, certain of the affirmative defenses ("ADs") set out in defendants' responsive pleading leave something to be

desired.  Here are the problematic aspects of the ADs:

   1.  AD 1 asserts a qualified immunity claim.  But the essence of an AD under Rule 8(c) and the caselaw applying it is to admit the allegations of a complaint but then go on to explain why a defendant is nonetheless free from liability or, as in the case of comparative negligence, is potentially liable for less than the plaintiff claims.  Here the allegations of the Complaint charge the officers with wilful and malicious wrongdoing, so that the parties' warring contentions must be sorted out at trial-- the antithesis of a disposition on qualified immunity grounds.  Hence AD 1 is stricken.

   2.  AD 2 is a multipart pleading that points to various provisions of the Illinois Tort Immunity Act.  Some of those provisions do indeed insulate defendants against potential liability, while others do not.  Defense counsel would do well to review the several provisions carefully in light of the operative standards for ADs (see, e.g., the caselaw underlying Rule 8(c) as well as App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)).

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 13, 2011